■ BARRY KOFFMAN, as Executor of ALBERT KOFFMAN, Deceased, et al., Respondents, v LUKE SMITH et al., Doing Business as CAROLINA FURNITURE, Appellants. [594 NYS2d 427] —Crew III, J. Appeal from an order and judgment of the Supreme Court (Monserrate, J.), entered January 21, 1992 in Broome County, which, *inter alia,* granted plaintiffs' cross motion for summary judgment.

On June 20, 1988, defendants agreed to lease from plaintiffs premises located in the Town of Union, Broome County, for use as a retail furniture store. The original lease described the store premises as containing "approximately 12,754 square feet of floor space" and defendants agreed to pay, *inter alia,* rent in the amount of $3,188.50 per month for the period August 1, 1988 to July 31, 1989 and $3,719.92 per month for the remainder of the lease term, which expired on July 31, 1991. After defendants took possession of the premises, they advised plaintiffs that the square footage represented in the lease had been overstated. Plaintiffs apparently paid for a survey of the premises, and thereafter drafted a second lease describing the premises as containing "approximately 11,393 square feet of floor space" and reducing, *inter alia,* defendants' monthly rent to $2,848.25 per month for the first year and $3,322.95 per month for the remaining two years.

Although defendants did not execute the second lease, they continued to occupy the premises and pay the rent specified therein. Thereafter, in September or October 1990, defendants advised plaintiffs that they intended to vacate the premises as of December 31, 1990. Plaintiffs thereafter commenced this action to recover the rent and utility payments due for the balance of the lease term (Jan. 1, 1991 to July 31, 1991).

Following joinder of issue, defendants moved for summary judgment and plaintiffs cross-moved for similar relief; Supreme Court denied defendants' motion and granted plaintiffs' cross motion. This appeal by defendants followed.

Defendants' principal argument on appeal is that the initial lease executed by the parties contained a mutual mistake of fact as to the amount of floor space available and, therefore, no valid written agreement exists between them. "It is the general rule that where a mistake in contracting is both mutual and substantial, there is an absence of the requisite 'meeting of the minds' to the contract" *(Brauer v Central Trust Co.,* 77 AD2d 239, 243, *lv denied* 52 NY2d 703 [citations omitted]; *see,* 21 NY Jur 2d, Contracts, § 121, at 528-529). Defendants contend that such a mistake exists here and, therefore, the initial lease executed by the parties is voidable under the equitable remedy of rescission *(see generally, Rekis v Lake Minnewaska Mtn. Houses,* 170 AD2d 124, 130, *lv dismissed* 79 NY2d 851; *Ryan v Boucher,* 144 AD2d 144, 145; *Dygert v Leonard,* 138 AD2d 793, 794).

In support of defendants' motion for summary judgment dismissing the complaint, defendant Luke Smith submitted an affidavit in which he averred that due to the nature of the retail furniture business, the amount of interior floor space available was "a critical factor for the proper marketing of [defendants'] products" and that "[t]he square footage in the space leased [from plaintiffs] was simply * * * insufficient for [defendants'] needs". Smith further stated that defendants required between 12,000 and 15,000 square feet to market their product in Broome County, that they entered into a lease with plaintiffs based upon the representation that the subject premises contained approximately 12,754 square feet of floor space, that defendants' rental obligation was based upon the number of square feet leased and that defendants promptly notified plaintiffs of their desire to cancel the lease once it became apparent that the square footage represented in the lease was overstated. In response, and in support of plaintiffs' cross motion for summary judgment, plaintiff Barry Koffman submitted an affidavit in which he averred that "[a]t no time prior to entering into the lease agreement did * * * defendants indicate that the exact square footage was a matter of concern or importance to them, nor did they request a survey to establish the exact square footage [available] or request that the contract terms be amended to reflect payment of rental charges on a per square foot basis". Smith also stated that at no time did defendants "indicate a desire or

intention to cancel the lease agreement due to the discrepancy between the actual square footage and the original estimate". We are of the view that this proof raises a question of fact regarding whether the parties entered into the initial lease under a mutual mistake of fact and, therefore, the respective motions for summary judgment should have been denied.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order and judgment is modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiffs' cross motion; said cross motion denied; and, as so modified, affirmed.