■ In the Matter of DEMETRIUS H., Appellant, v MIKHAILA C.M., Respondent. [827 NYS2d 810]—

Appeal from an order of the Family Court, Erie County (Rosalie S. Bailey, J.), entered June 10, 2005 in a proceeding pursuant to section 516-a of the Family Court Act. The order, inter alia, granted the motion to dismiss the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to vacate an acknowledgment of paternity by filing a petition more than five years after he signed the acknowledgment. Petitioner thereafter moved for an order directing, inter alia, DNA or genetic marker testing and asserted that respondent had perpetrated a fraud on him. The Law Guardian moved to dismiss the petition, and respondent joined in that motion. We conclude that Family Court properly denied petitioner's motion and granted the motion to dismiss the petition on the ground that petitioner could not establish that he was induced by fraud to sign the acknowledgment.

Petitioner contends that DNA or genetic marker testing should have been ordered before any determination was made concerning fraud. We disagree. Pursuant to Family Court Act § 516-a (b), a challenge to an acknowledgment of paternity brought more than 60 days after the execution of the acknowl-

edgment may only be based upon "fraud, duress, or material mistake of fact, with the burden of proof on the party challenging the voluntary acknowledgment." Section 516-a (b) further provides that, "[u]pon receiving a party's challenge to an acknowledgment, the court *shall* order genetic marker tests or DNA tests for the determination of the child's paternity and *shall* make a finding of paternity, if appropriate, in accordance with this article" (emphasis added). The statute "is silent as to when the [petitioner] is required to present evidence demonstrating . . . fraud, duress, or material mistake of fact" (*Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62, 67 [2005]).

We conclude that a party seeking to challenge an acknowledgment of paternity more than 60 days after its execution must establish the existence of fraud, duress or material mistake of fact before the court is required to order DNA or genetic marker testing (*see id.* at 69-70; *see also Matter of Oneida County Dept. of Social Servs. v Joseph C.*, 289 AD2d 1077, 1078 [2001], *lv dismissed* 98 NY2d 647 [2002]). In the absence of such a showing, genetic testing and a possible finding contrary to the acknowledgment of paternity would not be "appropriate" (Family Ct Act § 516-a [b]; *see Westchester County Dept. of Social Servs.*, 25 AD3d at 70).

Petitioner failed to make a prima facie showing of fraud, duress or material mistake of fact. Although the petition set forth adequate allegations of fraud, we may also consider petitioner's affidavit in support of the motion for genetic testing in determining whether the court properly dismissed the petition (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]; *see also Albert v Solimon*, 252 AD2d 139, 140 [1998], *affd* 94 NY2d 771 [1999]). The statements made by petitioner in that affidavit establish that he did not justifiably rely on respondent's purportedly fraudulent statements when he signed the acknowledgment. We also note that at the first court appearance petitioner acknowledged to the court that he knew he was not the father when he signed the acknowledgment. Therefore, because petitioner could not establish a prima facie case of fraud, the court properly granted the motion to dismiss the petition (*see Ng v Calderon*, 6 AD3d 255 [2004]). Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.