■ In the Matter of PAUL MISKIEWICZ, Appellant, v LISA GRIFFIN, Respondent. [839 NYS2d 180]—

In a proceeding pursuant to Family Court Act § 516-a to vacate an acknowledgment of paternity, the appeal is from (1) an order of the Family Court, Suffolk County (Buse, S.M.), dated February 8, 2006, which, after a hearing, dismissed the petition, and (2) an order of the same court (Simeone, J.), dated April 3, 2006, which denied the appellant's objections to the order dated February 8, 2006.

Ordered that the appeal from the order dated February 8, 2006 is dismissed, without costs or disbursements, as that order was superseded by the order dated April 3, 2006; and it is further,

Ordered that the order dated April 3, 2006 is affirmed, without costs or disbursements.

The appellant commenced this proceeding to vacate an acknowledgment of paternity by filing a petition more than one year after he signed the acknowledgment. In furtherance of that relief, the appellant requested DNA or genetic marker testing and asserted that the respondent had perpetrated a fraud on him. The respondent moved to dismiss the petition. The Family Court properly dismissed the petition on the ground that the appellant did not establish that he was induced by fraud, duress, or material mistake of fact to sign the acknowledgment.

Pursuant to Family Court Act § 516-a (b), a challenge to an acknowledgment of paternity brought more than 60 days after the execution of the acknowledgment may only be based upon "fraud, duress, or material mistake of fact, with the burden of proof on the party challenging the voluntary acknowledgment." Here, the appellant did not meet his burden of proof. The appellant's testimony that he believed his signature on the acknowledgment served solely to expedite the child's adoption and facilitate the respondent's ability to leave the hospital was belied, inter alia, by his admission that he could read and understand the acknowledgment which, on its face, established his paternity of the child and his awareness of his rights and obligations with respect thereto. Accordingly, the Family Court properly dismissed his petition (*see Matter of Demetrius H. v Mikhaila C.M.*, 35 AD3d 1215, 1216 [2006]; *Ng v Calderon,* 6 AD3d 255 [2004]).

Moreover, the Family Court properly denied the appellant's request for DNA or genetic marker testing. Where an individual challenging an acknowledgment of paternity more than 60 days after its execution "fails to meet the burden of proof on the issue of fraud, duress, or material mistake of fact, the court need

not order a GMT to determine the child's paternity" (*Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62, 70 [2005]; *see Matter of Demetrius H. v Mikhaila C.M.*, *supra*).

The appellant's remaining contentions are without merit. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.