■ In the Matter of RANDALL WIMBERLY, Appellant, v JENNIFER DIABO, Respondent. [839 NYS2d 822]—

Kane, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 25, 2005, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 5, to vacate a prior acknowledgment of paternity.

In 1992, near the beginning of petitioner's and respondent's on-again, off-again relationship, respondent gave birth to a daughter. Respondent gave birth to the parties' son in 1994. In June 1995, after their son was diagnosed with cancer and began receiving related medical treatment, the parties executed an acknowledgment of paternity regarding respondent's daughter. Both parties now admit that petitioner is not the girl's biological father, and both were aware of this fact at the time that they executed the acknowledgment. In March 2005, petitioner commenced this proceeding to vacate the acknowledgment of paternity. Family Court dismissed the petition, prompting petitioner's appeal.

Once 60 days have elapsed following the execution of an acknowledgment of paternity, the mother or acknowledged father may challenge that document "in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof on the party challenging the voluntary acknowledgment" (Family Ct Act § 516-a [b]). Because petitioner presented no proof of fraud, other than the fraud perpetrated jointly by petitioner and respondent against the State of Pennsylvania in order to obtain medical benefits, he argues only that the acknowledgment should be set aside based upon duress or material mistake of fact.

To establish duress, petitioner had to show "that he was forced to agree to [sign the acknowledgment] by means of a wrongful threat which precluded the exercise of his free will" (*Matter of Podmore v Our Lady of Victory Infant Home*, 82 AD2d 48, 50 [1981]; *see Matter of Baby Boy O.*, 289 AD2d 631, 633 [2001], *lv dismissed* 97 NY2d 725 [2002]). According to petitioner, he was informed that he needed to execute the acknowledgment to qualify his household for public assistance, including Medicaid, so that his son could receive necessary cancer treatment. Contradicting petitioner's version, respondent testified that no one ever informed them that the acknowledgment was needed to obtain benefits, they went to the local social services office for the sole purpose of signing an acknowledgment, and petitioner never attempted to retrieve the acknowledgment left with that government agency after he was allegedly told that the acknowledgment was unnecessary to obtain medical benefits for his son. Even accepting petitioner's version of events, courts have found that suggestions, persuasion and mental or emotional stress are insufficient to constitute duress so as to invalidate a legal document (*see Matter of Sarah K.*, 66 NY2d 223, 241 [1985], *cert denied sub nom. Kosher v Stamatis*, 475 US 1108 [1986]; *Matter of Baby Boy L.*, 144 AD2d 674, 675-676 [1988], *appeal dismissed* 74 NY2d 660 [1989], *lv denied* 74 NY2d 606 [1989], *cert denied sub nom. Laurence v Anonymous*, 493 US 918 [1989]; *Matter of Podmore v Our Lady of Victory Infant Home, supra* at 51). While petitioner most likely experienced stress and emotional strain due to his son's medical condition, the situation did not establish duress regarding his signing of the acknowledgment. In any event, petitioner's son was never denied treatment in Pennsylvania and the parties presumably could have returned to New York where the child had previously been qualified for medical benefits and received treatment. Under the circumstances, petitioner failed to prove that he signed the acknowledgment in response to a wrongful threat that overbore his free will. Hence, petitioner did not establish that he executed the acknowledgment under duress.

Petitioner's challenge to the acknowledgment based on an alleged material mistake of fact is similarly unavailing. As in contract law, the court must determine whether a mistake of fact was truly material—i.e., substantial and fundamental to the nature of the contract—so as to entitle a party to void that document (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 453 [1993]; *Carney v Carozza*, 16 AD3d 867, 868-869 [2005]; *Ryan v Boucher*, 144 AD2d 144, 145 [1988]; *see also Koffman v Smith*, 191 AD2d 776, 777 [1993]). Petitioner alleges that he was informed, soon after

signing the acknowledgment, that the document was not necessary to qualify the household for medical benefits, and he had only signed the acknowledgment because he believed it was necessary to obtain those benefits. Accepting petitioner's allegations as true, he has still failed to show that his mistake of fact was material. While relevant to his personal reasons for signing the document, the necessity of such a document for Medicaid eligibility is unrelated to the fundamental nature of a paternity acknowledgment. Having failed to prove duress, material mistake of fact or any fraud perpetrated against him, petitioner did not meet his burden of proof in challenging the voluntary acknowledgment.

We will not address petitioner's remaining arguments, as they either were not raised in Family Court or have been rendered academic by this decision.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.