■ In the Matter of IRVING PEREZ, Appellant, v ALMA MUNOZ, Respondent. [841 NYS2d 137]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Hepner, J.), dated August 21, 2006, as denied, without a hearing, those branches of his petition which were to modify a prior order of visitation to direct a social worker to transport the subject children to his place of incarceration for visitation, and for paternity testing.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The father's contention that the Family Court erred in denying that branch of his petition which was to modify a prior order of visitation to direct a social worker to transport the subject children to the father's place of incarceration for visitation is without merit. The Family Court has "no power to grant relief against an individual or an entity not named as a party and not properly summoned before the court" (*Matter of Jillana C.,* 309 AD2d 1170, 1171 [2003], quoting *Hartloff v Hartloff,* 296 AD2d 849, 850 [2002]; *see Matter of Remillard v Luck,* 2 AD3d 1179, 1180 [2003]). No social worker or agency was named in the petition or summoned before the court. Consequently, that branch of the petition was properly denied.

The Family Court properly denied, without conducting a hearing, that branch of the father's petition which was for paternity testing. Since no order of support has ever been sought against the father (*see* Family Ct Act § 418), the proper vehicle for the father to obtain paternity testing is by commencing a separate paternity proceeding under Family Court Act article 5 to challenge or establish paternity. Crane, J.P., Ritter, Dillon and Carni, JJ., concur.