Matter of S.E.R. v M.S.C. (2007 NY Slip Op 27459)

Matter of S.E.R. v M.S.C.

2007 NY Slip Op 27459 [18 Misc 3d 249]

October 26, 2007

Lawrence, J.

Family Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, January 23, 2008

[*1]
In the Matter of S.E.R., Petitioner,
v
M.S.C., Respondent.
Family Court, Nassau County, October 26, 2007

APPEARANCES OF COUNSEL

Leonard Symons for Mr. P. Joseph Abbenda for petitioner. Legal Aid Society of Nassau County (Lauren Broderick of counsel), for respondent. Renee Mayer, Law Guardian.

{**18 Misc 3d at 250} OPINION OF THE COURT

Richard S. Lawrence, J.
On or about January 22, 2007, the petitioner, S.E.R., filed a paternity petition requesting that an order be made declaring him to be the father of the child, E.A.P.C.
The matter came before Support Magistrate Patricia Bannon on February 14, 2007. The only parties who were present were the petitioner and the respondent mother. The docket reflects that on that date, the Support Magistrate noted that paternity of this child had already been established. An acknowledgment of paternity dated November 18, 1998 (a copy of which was made part of the court's file) was produced, which declared that C.P. was the father of the child.[FN1] 

 The Support Magistrate, on the court's own motion, named Mr. P. as an interested party, adjourned the petition for service to be effectuated upon Mr. P. and appointed a law guardian to represent the child.[FN2]
[*2]
Mr. P. appeared before the Support Magistrate on the adjourned date. The court docket reflects that Mr. P. stated he raised the child for six years, that the child calls him "papa," and that the respondent mother recently told the child that the petitioner is his father. As a result, the Support Magistrate referred the matter to this court for determination on the issue of equitable estoppel.
This court assigned the Legal Aid Society of Nassau County to represent the respondent mother, and "18-b" attorneys to represent the petitioner and Mr. P. After conference with counsel, a motion schedule was established.[FN3]

Mr. P. brought a notice of motion, requesting that the acknowledgment of paternity be vacated. Mr. P. states in his affidavit{**18 Misc 3d at 251} that one day after the birth of the child, he executed an acknowledgment of paternity, because of the "information" that he was provided with at the time of the child's birth. However, a few months after the child was born, he realized he was not the father, a "fact" that was "verified" by the respondent mother. Mr. P. then alleges that he "remained living with the Mother and my son but during the last two years have had little or no contact with E.A." (Mr. P.'s affidavit at 1.) Mr. P. contends that he wants to "do what is right" for the child and believes that vacating the acknowledgment will allow his "son" to grow up with his "right and lawful" father.
The Law Guardian does not oppose Mr. P.'s motion, on condition that this court take notice that the petitioner is requesting an order of filiation naming him the father of the child. The Law Guardian states that while the child is "fond" of Mr. P., he believes that the petitioner is his "true father." The Law Guardian argues that it would be in her client's "best interest" to vacate the acknowledgment, but only if an order of filiation is made declaring the petitioner to be the father.
The petitioner filed an affidavit in support, which states the following. The petitioner has always provided support for the child, although not legally declared to be the father. Both the child and Mr. P. recognize him to be the father. All of the parties view the petitioner as the child's father and are in agreement that he be named legally as such. The parties aver that the reason for the "delay" in this case was that they did not know how to correct the acknowledgment. This court notes that this is a "delay" of approximately 10 years.
The respondent submitted an affirmation in support of petitioner's motion to vacate the acknowledgment of paternity, which argues that the petitioner should be named as the father of [*3]the child.
This matter is unique, in that all parties have joined in the application to vacate the acknowledgment of paternity and have consented to Mr. R. being named the father of the child. In its experience, this court has never encountered a paternity case with these facts. At first blush, it would not seem inappropriate to grant the relief requested, as all parties are in agreement. Upon further review, however, this court is not so convinced, even in light of the parties' mutual "understanding."
Family Court Act § 516-a (b) provides, in relevant part:
"An acknowledgment of paternity executed pursuant{**18 Misc 3d at 252} to section one hundred eleven-k of the social services law or section four thousand one hundred thirty-five-b of the public health law may be rescinded by either signator's filing of a petition with the court to vacate the acknowledgment within the earlier of sixty days of the date of signing the acknowledgment or the date of an administrative or a judicial proceeding (including a proceeding to establish a support order) relating to the child in which either signator is a party . . . After the expiration of sixty days of the execution of the acknowledgment, either signator may challenge the acknowledgment of paternity in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof on the party challenging the voluntary acknowledgment. Upon receiving a party's challenge to an acknowledgment, the court shall order genetic marker tests or DNA tests for the determination of the child's paternity and shall make a finding of paternity, if appropriate, in accordance with this article." (Emphasis added.)[FN4]

Here, the acknowledgment of paternity was executed by Mr. P. and the mother on November 18, 1998. As Mr. P. did not seek to challenge the acknowledgment of paternity within 60 days of the execution of the document, he must now make a prima facie showing of fraud, duress, or material mistake of fact. (Family Ct Act § 516-a [b]; and see Matter of Wimberly v Diabo, 42 AD3d 599 [3d Dept 2007]; Matter of Demetrius H. v Mikhaila C.M., 35 AD3d 1215 [4th Dept 2006].)
Importantly, if that burden is met, the court is then required to consider the best interests of the child before genetic testing may be ordered (although in this case, the parties have not requested such testing). (See Matter of Westchester County Dept. of Social Servs. v Robert W.R., 25 AD3d 62 [2d Dept 2005].) Further, the burden of proof in a paternity proceeding rests with the petitioner. It must be shown by clear and convincing evidence that the putative father is in fact the father of the child. (See Matter of Jane PP. v Paul QQ., 65 NY2d 994 [1985]; Matter of Department of Social Servs. of Orange County v Alan K., 69 AD2d 861 [2d Dept 1979].)
Neither fraud nor duress has been raised in these papers. Instead, Mr. P. claims mistake of fact as the ground for vacatur{**18 Misc 3d at 253} of the acknowledgment of paternity. In examining this, "[a]s in contract law, the court must determine whether a mistake of fact was truly materiali.e., substantial and fundamental to the nature of the contractso as to entitle a party to void that document." (Matter of Wimberly v Diabo at 600 [citations omitted].)
Even considering the allegations in the light most favorable to Mr. P., the statement that he knows the child is not his (nearly 10 years after the child's birth), because the mother has confirmed this, is not sufficient to meet the required burden of proof to vacate the acknowledgment.
The contention that neither Mr. P. nor the mother took action, for almost a 10-year period, to vacate the acknowledgment because they "did not know what to do" is without merit. Although not raised in the papers, this court takes judicial notice that parents are advised at the hospital of the responsibilities of signing an acknowledgment of paternity pursuant to Social Services Law § 111-k (1) (a).
This is exactly the type of case to which Family Court Act § 516-a (b) is addressed. Mr. P. learned he was not the father, but the papers indicate that he continued to live with the child. Then, two years ago, he ceased contact with this child. The petitioner was then introduced as the child's "father." This child has surely been impacted by these events.
While the parties are in agreement to now essentially "flipping" the identity of this child's father, this court, even in view of the undisputed facts, cannot ignore Family Court Act § 516-a (b). As there has been no showing of fraud, duress, or material mistake of fact, the motion is denied and this court is not required to conduct a hearing on this matter.

Footnotes

Footnote 1: Although not determinative, a copy of the child's birth certificate, made part of the court's file, also names Mr. P. as the father.

Footnote 2: While not raised by the parties, it is this court's opinion that it would have been preferable to amend the caption to include Mr. P. as a correspondent. However, it is to be emphasized that due process and notice were satisfied, as the Support Magistrate correctly named Mr. P. as an interested party, personal service was properly effectuated upon Mr. P., and he joined in the instant application. (Compare Matter of Isaiah A.C. v Faith T., 43 AD3d 1048 [2d Dept 2007]; Matter of Perez v Munoz, 43 AD3d 469 [2d Dept 2007]; Matter of Richard W. v Roberta Y., 212 AD2d 89 [3d Dept 1995]; Matter of Anthony S.P. v Gina L.R., 12 Misc 3d 1190[A], 2006 NY Slip Op 51506[U] [Fam Ct, Erie County 2006]; Domestic Relations Law § 111-a [headed "Notice in certain proceedings to fathers of children born out-of wedlock"].)

Footnote 3: It is important to note that, at all relevant times, the mother was not married to either the petitioner, or Mr. P., or anyone else.

Footnote 4: The court notes that Family Court Act § 516-a (b) has been amended effective October 30, 2007.