## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: July 9, 2015        519222
_____

In the Matter of SIEARRA L.
    and Others, Infants.

DEBORAH L.,                          MEMORANDUM AND ORDER
                Appellant;

OTSEGO COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                Respondent.
_____

Calendar Date: May 28, 2015

Before: Garry, J.P., Egan Jr., Rose and Lynch, JJ.

_____

Monica V. Carrascoso, Cooperstown, for appellant.

Steven Ratner, Otsego County Department of Social Services, Cooperstown, for respondent.

_____

Egan Jr., J.

Appeal from an order of the Family Court of Otsego County (Burns, J.), entered March 19, 2014, which dismissed petitioner's application, in a proceeding pursuant to Social Services Law § 383-c, to enforce the terms of three conditional judicial surrenders.

Petitioner is the mother of three children (born in 1997, 1999 and 2000). Beginning in 2003, respondent filed a series of petitions seeking, among other things, a determination that petitioner had neglected her children. Ultimately, in August 2006, petitioner separately executed a conditional judicial surrender for each of the three children, the terms of which

provided petitioner with, among other things, "one supervised visit [each] year as arranged through [respondent]" — subject to petitioner's compliance with the specified conditions set forth therein. Family Court approved each of the conditional judicial surrenders, finding that the terms and conditions set forth therein were in each child's best interests, and the permanency goal for each of the children thereafter was changed to placement for adoption.

According to petitioner, she initially refrained from seeking visitation with her children, "respecting [respondent's] verbal request . . . that the children be allowed to make the transition to their adoptive families." Beginning in 2009, petitioner alleges, she sought visitation "approximately every year [but has] never been allowed to visit" her children. As a result, petitioner commenced the instant proceeding on March 17, 2014 seeking to enforce the terms of the conditional judicial surrenders.[1] Two days later, Family Court sua sponte dismissed the petition for failure to state a cause of action. Petitioner now appeals.

We reverse. The guardianship of a minor child in foster care "may be committed to an authorized agency by a written instrument which shall be known as a surrender" (Social Services Law § 383-c [1]); the surrender, in turn, "shall be upon such terms and subject to such conditions as may be agreed upon by the parties thereto" (Social Services Law § 383-c [2] [a]). If such surrender "does not designate a particular person or persons who will adopt the child, the child's birth parent or parents, the authorized agency having care and custody of the child and the child's attorney may enter into a written agreement providing for communication or contact, on such terms and conditions as may be agreed to by the parties. . . . If the court before which the surrender instrument is presented for approval determines that the agreement . . . is in the child's best interests, the court shall approve the agreement" (Social Services Law § 383-c [2]

_____

[1] Petitioner sought similar relief in 2007 and 2013; the 2007 petition was dismissed without prejudice, while the disposition of the 2013 petition is not clear from the record.

[b]).  The statute further provides that "[e]nforcement of any agreement prior to the adoption of the child shall be in accordance with [Family Ct Act § 1055-a (b)].  Subsequent to the adoption of the child, enforcement of any agreement shall be in accordance with [Domestic Relations Law § 112-b]" (Social Services Law § 383-c [2] [b]).

Here, petitioner alleged — upon information and belief — that her children had been adopted, and Family Court dismissed petitioner's application based upon her failure to comply with the requirements of Domestic Relations Law § 112-b.  The record before us, however, does not reflect that the children have in fact been adopted; no order to that effect has been provided for our review and, due to Family Court's sua sponte dismissal of petitioner's enforcement petition, no answer by respondent was filed.  Hence, it is unclear whether petitioner's application is governed by Family Ct Act § 1055-a (b) or Domestic Relations Law § 112-b.

Moreover, even assuming that the children indeed have been adopted and, therefore, the requirements of Domestic Relations Law § 112-b must be met here, each of the conditional judicial surrenders executed by, among others, petitioner and approved by Family Court, contains the following language: "In order for the condition(s) referenced in this [a]ttachment to be enforceable after my child is adopted, the court that grants the order of adoption of the above referenced child must include the condition(s) in an order at the time my child is adopted.  I will receive a copy of the order."  Again, no order to this effect appears in the record.  Absent some indication that petitioner was in fact provided with the order to which she was entitled under the terms of the conditional judicial surrenders executed for each of her children, she cannot be faulted for failing to establish that the terms and conditions set forth therein were incorporated into any resulting adoption agreement.

In light of the foregoing, we find that Family Court abused its discretion in sua sponte dismissing the enforcement petition.  Accordingly, Family Court's order is reversed, the subject petition is reinstated and this matter is remitted for, among other things, further development of the record.  If, upon

remittal, it is determined that the children have in fact been adopted, then petitioner must be provided with the orders to which she is entitled under the terms of the conditional judicial surrenders – following which she may seek leave to amend her petition in order to comply with the provisions of Domestic Relations Law § 112-b.  Given the length of time that already has elapsed, we direct that the parties appear before Family Court within 45 days of the date of this Court's decision, at which time petitioner should be furnished with any relevant orders to which she is entitled.

Garry, J.P., Rose and Lynch, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision to be held within 45 days of the date of this decision.

ENTER:

Robert D. Mayberger
Clerk of the Court