*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                519467
_____

In the Matter of JOSHUA AA.,
                    Appellant,
        v                                  MEMORANDUM AND ORDER

JESSICA BB.,
                    Respondent.
_____

Calendar Date:  September 8, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

_____

        John M. Scanlon, Binghamton, for appellant.

        A.L. Beth O'Connor, Cortland, for respondent.

        Carman Garufi, Binghamton, attorney for the child.

_____

Clark, J.

        Appeal from an order of the Family Court of Broome County
(Pines, J.), entered June 25, 2014, which dismissed petitioner's
application, in a proceeding pursuant to Family Ct Act article 5,
to vacate a prior acknowledgment of paternity.

        In June 2013, two days after the birth of respondent's
child, petitioner and respondent executed an acknowledgment of
paternity naming petitioner as the child's father.  In January
2014, both parties filed separate petitions requesting custody of
the child.  However, in March 2014, petitioner commenced the
instant proceeding to vacate the acknowledgment of paternity.
After the issue of equitable estoppel was raised in a hearing
before a Support Magistrate, the matter was referred to Family
Court (see Family Ct Act § 439 [b]).  Without holding a hearing,

Family Court sua sponte dismissed the petition on the basis that the pleadings alone demonstrated that petitioner was equitably estopped from denying paternity.  Petitioner now appeals.

"Once 60 days have elapsed following the execution of an acknowledgment of paternity, the mother or acknowledged father may challenge that document in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof on the party challenging the voluntary acknowledgment" (Matter of Wimberly v Diabo, 42 AD3d 599, 599 [2007] [internal quotation marks omitted]; see Family Ct Act § 516-a [b] [iv]; Matter of Jeannette GG. v Lamont HH., 77 AD3d 1076, 1077 [2010]).  To establish material mistake of fact, a party must demonstrate that such mistake "was truly material — i.e., substantial and fundamental to the nature of the [acknowledgment] — so as to entitle a party to void that document" (Matter of Wimberly v Diabo, 42 AD3d at 600).  To establish fraud, a petitioner must show that he or she justifiably relied on the respondent's fraudulent statements or representations at the time the acknowledgment of paternity was signed (see Matter of Demetrius H. v Mikhaila C.M., 35 AD3d 1215, 1216 [2006]).

Here, in his petition to vacate the acknowledgment of paternity, petitioner alleged that his signature was procured either by material mistake of fact or fraud based upon respondent's history of infidelity.  However, the petition also explained that petitioner put his name on the birth certificate of the child "despite all parties acknowledging that it was [another man's] child."  Because petitioner's claim that he knew that he was not the father of the child negates a finding of fraud or material mistake of fact, as such findings are necessarily predicated on a lack of knowledge (see Matter of Felton R. v Gloria P., 63 AD3d 515, 515 [2009]), petitioner failed to plead sufficient facts constituting fraud or material mistake of fact (see Matter of Wimberly v Diabo, 42 AD3d at 601).  Therefore, Family Court properly sua sponte dismissed petitioner's petition because, even "[a]ssuming the truth of the allegations in the petition, and according the petitioner the benefit of every favorable inference, the facts alleged do not fit into any of the grounds for vacatur of an acknowledgment of paternity" (Matter of Ronnyeh R. v Gwendolyn M., 99 AD3d 717, 717

[2012] [internal citation omitted]; see Matter of Panzer v Wood, 100 AD3d 1119, 1119-1120 [2012], lv dismissed 20 NY3d 1001 [2013]; compare Matter of Siearra L. [Deborah L.], 130 AD3d 1184, 1186 [2015]).

We should note, however, that, inasmuch as Family Court should entertain an estoppel issue only after it has found a basis to permit vacation of the acknowledgment (see Matter of Jeannette GG. v Lamont HH., 77 AD3d at 1078-1079), it was error for that court to proceed to a consideration of the equitable estoppel defense without first addressing the sufficiency of the petition.  In light of our holding, this error is academic.

McCarthy, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court