Matter of Andrew E. v Angela N.S. (2018 NY Slip Op 06530)





Matter of Andrew E. v Angela N.S.


2018 NY Slip Op 06530


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-13252
 (Docket No. P-24147-15)

[*1]In the Matter of Andrew E. (Anonymous) II, appellant, 
v
Angela N.S. (Anonymous), respondent.


Larry S. Bachner, New York, NY, for appellant.
Maricel Gonzalez, Jamaica, NY, for respondent.
Stephen A. Gargiulo, Forest Hills, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the father appeals from an order of the Family Court, Queens County (Dweynie E. Paul, J.), dated November 9, 2017. The order, after a hearing, denied the father's petition to vacate an acknowledgment of paternity as to the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
On November 22, 1998, an acknowledgment of paternity was executed with respect to the subject child, which contained the signatures of the mother and the father. Seventeen years later, the father filed the instant petition to vacate the acknowledgment of paternity on the ground of fraud, alleging, inter alia, "I do not believe that I have ever executed an acknowledgment" of paternity. Although the parties consented to a DNA test, the Family Court proceeded to conduct a hearing on the issue of whether the acknowledgment of paternity should be vacated on the ground of fraud. At the conclusion of the hearing, the court determined that the father failed to establish that the acknowledgment of paternity was fraudulently executed, and thus denied the father's petition. The father appeals.
Contrary to the father's contention, the parties' consent to a DNA test did not obviate the need for a hearing on the issue of whether the acknowledgment of paternity should be vacated on the ground of fraud. Where, as here, a party seeks to challenge an acknowledgment of paternity more than 60 days after its execution, "Family Court Act § 516-a(b) requires the court to conduct a hearing to determine the issues of fraud, duress, or a material mistake of fact [in the execution of the acknowledgment of paternity] before ordering a [genetic marker test]" (Matter of Westchester County Dept. of Social Servs. v Robert W.R., 25 AD3d 62, 70; see Family Ct Act § 516-a[b][iv]; Matter of Sidney W. v Chanta J., 112 AD3d 950, 952; Matter of Derrick H. v Martha J., 82 AD3d 1236; Matter of Miskiewicz v Griffin, 41 AD3d 853; Matter of Demetrius H. v Mikhaila C.M., 35 AD3d 1215, 1216).
Moreover, we agree with the Family Court's determination, made after the hearing, that the father failed to prove fraud in the execution of the acknowledgment of paternity, and [*2]accordingly, its determination to deny the father's petition (see Matter of Miskiewicz v Griffin, 41 AD3d at 854; Matter of Demetrius H. v Mikhaila C.M., 35 AD3d at 1216).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court