Matter of Matthew D. v Lisa D. (2018 NY Slip Op 08479)





Matter of Matthew D. v Lisa D.


2018 NY Slip Op 08479


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-01743
 (Docket No. P-4840-16)

[*1]In the Matter of Matthew D. (Anonymous), appellant,
v
Lisa D. (Anonymous), respondent.


Herbert P. Segarra, White Plains, NY, for appellant.
Warren S. Hecht, Forest Hills, NY, for respondent.
Kelley M. Enderley, Poughkeepsie, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the father appeals from an amended order of the Family Court, Orange County (Christine P. Krahulik, J.), dated December 12, 2017. The amended order, after a hearing, dismissed the father's petition to vacate an acknowledgment of paternity as to the subject child.
ORDERED that the amended order is affirmed, without costs or disbursements.
In October 2016, the father commenced this proceeding to vacate an acknowledgment of paternity he signed in April 2014. After a hearing at which the father testified, the Family Court dismissed the petition. The father appeals.
A party seeking to challenge an acknowledgment of paternity more than 60 days after its execution must prove that it was signed by reason of fraud, duress, or material mistake of fact (see Family Ct Act § 516-a[b][iv]; Matter of Dennis B. v Edwanai B., 155 AD3d 1027, 1027; Matter of Sidney W. v Chanta J., 112 AD3d 950, 952; Matter of Angelo A.R. v Tenisha N.W., 108 AD3d 560). Under the circumstances of this case, the Family Court's determination that the father failed to prove that the acknowledgment of paternity was signed by reason of fraud, duress, or material mistake of fact is supported by the record (see Matter of Dennis B. v Edwanai B., 155 AD3d at 1027; Matter of Joshua AA. v Jessica BB., 132 AD3d 1107, 1108; Matter of Wimberly v Diabo, 42 AD3d 599, 600-601). Accordingly, we agree with the court's dismissal of the father's petition.
In light of our determination, we need not reach the mother's remaining contention.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court