Matter of Vaskovtsev v Melska (2019 NY Slip Op 05551)





Matter of Vaskovtsev v Melska


2019 NY Slip Op 05551


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-12852
 (Docket No. F-10438-16/16A)

[*1]In the Matter of Anton Vaskovtsev, respondent,
v
Svitlana Melska, appellant.


Coffinas & Lusthaus, P.C., Brooklyn, NY (Meredith A. Lusthaus of counsel), for appellant.
Anton Vaskovtsev, Englishtown, New Jersey, respondent pro se.
Janet Neustaetter, Brooklyn, NY (Louise Feld of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act § 516-a to vacate an acknowledgment of paternity, the mother appeals from an order of the Family Court, Kings County (Ann Elizabeth O'Shea, J.), dated October 12, 2018. The order denied the mother's objections to so much of an order of the same court (Adele Alexis Harris, S.M.) dated May 22, 2018, as, in effect, denied that branch of her motion which was pursuant to CPLR 3211(a) to dismiss the petition.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order dated October 12, 2018, is affirmed, without costs or disbursements.
On June 21, 2007, the parties purportedly executed an acknowledgment of paternity, stating that the petitioner is the father of the subject child. In April 2016, the mother filed a petition for child support against the petitioner. In June 2016, the petitioner commenced this proceeding pursuant to Family Court Act § 516-a to vacate the acknowledgment of paternity, alleging that his signature on the acknowledgment was forged. Thereafter, the mother moved, inter alia, pursuant to CPLR 3211(a) to dismiss the petition to vacate the acknowledgment of paternity, arguing, among other things, that the proceeding was time-barred and that the petitioner should be equitably estopped from denying paternity. In an order dated May 22, 2018, the Support Magistrate, inter alia, in effect, denied that branch of the mother's motion which was to dismiss the petition. The mother filed objections to so much of the Support Magistrate's order as, in effect, denied that branch of her motion. In an order dated October 12, 2018, the Family Court denied the mother's objections. The mother appeals from the order dated October 12, 2018.
We agree with the Family Court's determination that this proceeding is not time-barred. A signatory to an acknowledgment of paternity who was at least 18 years old at the time of execution may file a petition to vacate the acknowledgment within the earlier of 60 days of the date [*2]of execution or the date of a proceeding relating to the subject child in which the signatory is a party (see Family Ct Act § 516-a[b][i]). Further, "[a]fter the expiration of the time limit[ ] . . . , any of the signatories to an acknowledgment of paternity may challenge the acknowledgment in court by alleging and proving fraud, duress, or material mistake of fact" (Family Ct Act § 516-a[b][iv] [emphasis added]). The procedure for commencing a proceeding to vacate an acknowledgment of paternity was specifically set forth by the Legislature, which chose to include an exception to the 60-day time limit to commence a proceeding where the petitioner seeks to vacate an acknowledgment of paternity on the grounds of fraud, duress, or material mistake of fact (see Family Ct Act § 516-a[b][i], [iv]). Therefore, contrary to the contentions of the mother and the attorney for the child, it would not be appropriate to apply the statute of limitations applicable to "an action based upon fraud" under CPLR 213(8).
Furthermore, we agree with the Family Court that dismissal of the petition was not warranted at this time based upon the doctrine of equitable estoppel. " [W]here a child justifiably relies on the representations of a man that he is his or her father with the result that he or she will be harmed by the man's denial of paternity, the man may be estopped from making such a denial'" (Matter of Shawn H. v Kimberly F., 115 AD3d 744, 745, quoting Matter of Jose F.R. v Reina C.A., 46 AD3d 564, 564). However, the Family Court should not entertain an estoppel issue until "after it has found a basis to permit vacat[ur] of the acknowledgment" (Matter of Joshua AA. v Jessica BB., 132 AD3d 1107, 1108; see Matter of Mark A.M. v Lesley R.S., 169 AD3d 1046). Here, we agree with the court's determination that a hearing must be held on the issue of whether the father is entitled to vacatur of the acknowledgment of paternity on the ground of fraud (see Matter of Santos Ernesto R. v Maria S.C., 66 AD3d 910, 911-912), and thus, consideration of the issue of whether the father should be estopped from vacating the acknowledgment is premature (see Matter of Joshua AA. v Jessica BB., 132 AD3d at 1108). In the event the court determines that a valid ground for vacatur of the acknowledgment exists, the issue of whether the petitioner should be estopped, in accordance with the child's best interest, from vacating the acknowledgment of paternity, must be evaluated at a hearing (see Matter of Oscar X.F. v Ileana R.H., 107 AD3d 795, 796).
The mother's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determination denying the mother's objections to so much of the Support Magistrate's order as, in effect, denied that branch of her motion which was pursuant to CPLR 3211(a) to dismiss the petition.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court