Matter of Kristen B. v Steven Z. (2021 NY Slip Op 00939)





Matter of Kristen B. v Steven Z.


2021 NY Slip Op 00939


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


127 CAF 20-00667

[*1]IN THE MATTER OF KRISTEN B., PETITIONER-APPELLANT,
v
STEVEN Z., RESPONDENT-RESPONDENT. 






PETER J. DIGIORGIO, JR., UTICA, FOR PETITIONER-APPELLANT. 
DIANE MARTIN-GRANDE, ROME, FOR RESPONDENT-RESPONDENT.
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered April 27, 2020 in a proceeding pursuant to Family Court Act article 5. The order, inter alia, dismissed the amended petition to vacate an acknowledgment of paternity. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding seeking to vacate an acknowledgment of paternity more than 60 days after it was signed, petitioner mother appeals from an order that, inter alia, dismissed her amended petition pursuant to CPLR 3211 (a) (7). We affirm.
A party seeking to challenge an acknowledgment of paternity more than 60 days after its execution must establish the existence of fraud, duress, or a material mistake of fact before Family Court is required to order DNA or genetic marker testing (see Family Ct Act
§ 516-a [b] [iv]; Matter of Demetrius H. v Mikhaila C.M., 35 AD3d 1215, 1215-1216 [4th Dept 2006]; Matter of Westchester County Dept. of Social Servs. v Robert W.R., 25 AD3d 62, 69 [2d Dept 2005]). Assuming the truth of the allegations in the amended petition and according petitioner the benefit of every favorable inference, we conclude that the facts alleged in the amended petition do not fit into any of the specified grounds for vacatur of an acknowledgment of paternity more than 60 days after it was executed (Matter of Joshua AA. v Jessica BB., 132 AD3d 1107, 1108 [3d Dept 2015]; Matter of Ronnyeh R. v Gwendolyn M., 99 AD3d 717, 717 [2d Dept 2012]; see also Demetrius H., 35 AD3d at 1216).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court