Matter of Daniel FF. v Alicia GG. (2022 NY Slip Op 04342)

Matter of Daniel FF. v Alicia GG.

2022 NY Slip Op 04342

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

534165
[*1]In the Matter of Daniel FF., Appellant,
v
Alicia GG., Respondent.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Betty J. Potenza, Highland, for appellant.
Lindsay H. Kaplan, Kingston, for respondent.
Pamela J. Joern, East Chatham, attorney for the child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Ulster County (Jose-Decker, J.), entered September 7, 2021, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 5, to, among other things, vacate a prior acknowledgement of paternity.
Respondent (hereinafter the mother) gave birth to a child in 2017 while she was in a relationship with petitioner, who signed an acknowledgement of paternity less than two weeks after the child's birth. They separated around April 2019 when the child was 18 months old, and litigation over child custody and support ensued. In March 2021, petitioner commenced this proceeding to vacate the acknowledgement of paternity. After the attorney for the child (hereinafter AFC) raised the doctrine of equitable estoppel at a hearing before a Support Magistrate, the matter was referred to Family Court (see Family Ct Act § 439 [b]). Following a fact-finding hearing on that issue alone, the court determined that it was in the child's best interests to equitably estop petitioner from denying paternity. Consequently, the court dismissed the petition and denied a concomitant request for genetic marker testing. Petitioner appeals.
We affirm, albeit on different grounds. Family Ct Act § 516-a (b) generally provides that a party seeking to challenge an acknowledgement of paternity more than 60 days after its execution must initially prove that it "was signed under fraud, duress, or due to a material mistake of fact" (Family Ct Act § 516-a [b] [iv]; see Matter of Wimberly v Diabo, 42 AD3d 599, 599 [2007]). Only after the petitioner meets this burden will the Family Court entertain further inquiry into whether that party should be equitably estopped from challenging paternity (see Family Court Act § 516-a [b] [iv]; Matter of Jeannette GG. v Lamont HH., 77 AD3d 1076, 1078 [2010]). Here, petitioner commenced this paternity proceeding well beyond the 60-day statutory deadline and, therefore, Family Court erred in prematurely considering the equitable estoppel defense (see Matter of Joshua AA. v Jessica BB., 132 AD3d 1107, 1108 [2015]; see also Matter of Vaskovtsev v Melska, 174 AD3d 633, 635 [2019]). However, this error is academic as we find that petitioner failed to satisfy his initial burden of proof in challenging the voluntary paternity acknowledgment (see Matter of Joshua AA. v Jessica BB., 132 AD3d at 1108; Matter of Jeannette GG. v Lamont HH., 77 AD3d at 1078). Indeed, he made no reference in the petition to the specific statutory ground upon which he sought vacatur. To the extent that petitioner's vague and speculative claim of infidelity on the mother's part could be construed as an allegation of a material mistake of fact or fraud, he "failed to plead sufficient facts" so as to warrant rescission of the paternity acknowledgement on either basis (Matter of Joshua AA. v Jessica BB., 132 AD3d at 1108; see Matter of Wimberly v Diabo, 42 AD3d at 600-601).
Clark, J.P., Pritzker, Ceresia [*2]and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.