▪ In the Matter of JOSEPH MALONEY et al., Appellants. ANTHONY J. FONDANAROSA, Respondent. — In a habeas corpus proceeding pursuant to section 70 of the Domestic Relations Law to determine the custody of two minor children, petitioners appeal from a judgment of the Supreme Court, Suffolk County (Geiler, J.), entered December 16, 1981, which dismissed the writ, without a hearing. Judgment reversed, on the law, without costs or disbursements, and matter remanded to the Supreme Court, Suffolk County, for further proceedings in accordance herewith. Insofar as the younger of the two daughters is concerned, so much of the mother's petition as is predicated on the proposition that the respondent may not be her natural father is barred by the principle of collateral estoppel. The adjudication of the custody issue in the parties' 1973 bilateral foreign divorce decree and the subsequent modification of its custody provisions by the Family Court, Kings County, in 1976 were both predicated, at least in part, on the express (albeit uncontested) finding that the children involved (both daughters) are "the minor children of the parties", and that the respondent herein is their father. The petitioner mother having already been accorded a "full and fair opportunity" to contest the respondent's paternity in both of these proceedings, she may not now reasonably demand a third opportunity to litigate an issue which was necessarily decided therein (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; *Pray v Hegeman,* 98 NY 351, 358). Moreover, "[c]ommon sense, public policy, reason and the overriding consideration for the welfare of the child" will bar a mother and/or a putative father from bastardizing their child where, as here, the child was conceived and born during the course of the wife's prior marriage, at a time when she was living with her former husband as his wife, and where, in addition thereto, the mother and the putative father have subsequently married and, for a period of nine years, concealed from the wife's former husband the adultery to which they now confess for the sole purpose of securing the child's custody (see *Hill v Hill,* 20 AD2d 923, 924). Notwithstanding the foregoing, however, the repercussions of such a claim and the change of circumstances alleged in the balance of the petition, i.e., the change in the composition of the custodial household and the resulting friction allegedly brought on by the respondent's remarriage to a woman with young children of her own, necessitate a hearing in which the court can determine the best interests of the children of the petitioner mother and the respondent, now age 10 and 15 (see *Braiman v Braiman,* 44 NY2d 584, 591). Particularly noteworthy in this regard are the disputed allegations that since the arrival of their stepmother, the petitioner's children have been relegated to the status of "second class citizen[s]"; and that the deteriorating conditions have allegedly prompted the older of the two daughters to remove herself from the respondent's household and take up residence with her mother. Disputed factual issues cannot be resolved upon conflicting affidavits. In this regard, it is important to note that the wishes of the older of the two children, as expressed in her affidavit in support of the instant petition, were apparently disregarded in their entirety by Special Term. Although not determinative, the wishes of a child not of tender years are entitled to consideration by the court (see *Matter of Calder v Woolverton,* 50 AD2d 587, affd 39 NY2d 1042; see, also, *Matter of*

*Ebert v Ebert,* 38 NY2d 700; *Dintruff v McGreevy,* 34 NY2d 887). Damiani, J. P., Weinstein, Gulotta and O'Connor, JJ., concur.