■ In the Matter of ANN CHARLES, Respondent, v FREDERICK CHARLES, Appellant. [745 NYS2d 572] —In a child support proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Dutchess County (Brands, J.), entered October 10, 2001, which granted the mother's motion, inter alia, to preclude the appellant from raising the issue of the paternity of the child Stacey A. Charles, and denied his cross motion to dismiss the proceeding with respect to that child.

Ordered that the order is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof granting that branch of the mother's motion which was to preclude the appellant from raising the issue of the paternity of the child Stacey A. Charles, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for further proceedings in accordance herewith.

The child who is the focus of this appeal, Stacey A. Charles, was born Stacey Ann Leveille on February 14, 1986. Her birth certificate does not identify a father. Leveille is the mother's maiden name. According to the appellant, Stacey's biological

father is one Ronald Louis, a resident of Spring Valley, New York.

The appellant Frederick Charles first met the mother in 1989 at a party in Queens. Stacey, allegedly then a toddler, was present at this party. The mother and the appellant married in June 1990, and in 1992 had a daughter together, named Joanne.

In 1996, the mother and the appellant, then residing in Beacon, commenced a name change proceeding in the Supreme Court, Dutchess County, to change Stacey's last name from Leveille to Charles. The appellant later explained that this was done "to make Stacey feel part of the family." In their joint verified petition, the appellant swore that he was Stacey's "natural father." The petition was reportedly granted, and from that point on, Stacey took the appellant's last name, Charles.

Unfortunately, the parties' relationship soured, and they separated. On June 18, 2001, the mother commenced the instant proceeding against the appellant for support for both Joanne and Stacey. When the matter came on for a hearing before a Family Court Hearing Examiner, the appellant raised the defense that he was not Stacey's biological father. He claimed that Stacey was three years old when he met the Mother; the Mother stated that Stacey was three *months* old when she met the appellant. In any event, the Hearing Examiner recognized that this raised a contested paternity issue over which, she opined, she lacked jurisdiction. The Hearing Examiner set temporary support only with respect to Joanne Charles. Upon the mother's application for leave to reargue, the Hearing Examiner again declined to entertain the paternity issue, but referred the matter to a Family Court Judge.

The parties then made the instant motions, the mother moving, inter alia, to preclude the appellant from raising the issue of Stacey's paternity on grounds of judicial estoppel and equitable estoppel, and the appellant moving to dismiss the proceeding insofar as it sought support for Stacey. The Family Court granted that branch of the mother's motion which was to preclude the appellant from raising the issue of paternity and denied the appellant's cross motion. We now modify by denying that branch of the mother's motion which was to preclude the appellant from raising the issue of paternity, and remitting the matter to the Family Court for a best interest hearing.

"[T]he doctrine of equitable estoppel may successfully be invoked, in the interest of fairness, to prevent the enforcement of rights which would ultimately work fraud or injustice upon

the person against whom enforcement is sought * * * [a]n estoppel defense may also be invoked where the failure to promptly assert a right has given rise to circumstances rendering it inequitable to permit the exercise of the right after a lapse of time" (*Matter of Ettore I. v Angela D.,* 127 AD2d 6, 12; *see Matter of Janis C. v Christine T.,* 294 AD2d 496). Similarly, an equitable estoppel may be imposed to prevent injustice suffered by a person who, in justifiable reliance upon the words or conduct of another, is induced to act or forbear (*see Matter of Multari v Sorrell,* 287 AD2d 764).

Equitable estoppel is commonly invoked in matters of paternity, child custody, visitation and support. It can be used offensively to enforce rights created by words or conduct, or defensively to cut off rights. It can be used to estop a father from denying paternity to avoid support obligations (*see Brian B. v Dionne B.,* 267 AD2d 188). It has been held to be available for use by a nonbiological "father" to enforce visitation or custody rights (*see Jean Maby H. v Joseph H.,* 246 AD2d 282; *but see Matter of Multari v Sorrell, supra* [a de facto stepfather lacks standing]; *Matter of Janis C. v Christine T., supra* [a same sex former domestic partner lacks standing]). Regardless of the context in which it is used, in cases involving paternity, child custody, visitation and support, the doctrine of equitable estoppel will be applied only where its use furthers the best interests of the child or children who are the subject of the controversy (*see Matter of Griffin v Marshall,* 294 AD2d 438; *Hammack v Hammack,* 291 AD2d 718, 719; *Matter of Mobley v Ishmael,* 285 AD2d 648; *Robin I. v Ronald J.,* 282 AD2d 837, 838; *Ocasio v Ocasio,* 276 AD2d 680; *Matter of Carol S. v Gerard D.,* 276 AD2d 377; *Matter of Jennifer W. v Steven X.,* 268 AD2d 800, 801-802; *Matter of Michael F. v Cerise S.,* 255 AD2d 441; *Matter of Onondaga County Dept. of Social Servs. v Gregory L.H.,* 255 AD2d 955, 956).

The Family Court erred in summarily granting the mother's motion without conducting a hearing to determine the disposition that would best foster Stacey's best interests (*see Matter of Eugene F.G. v Darla D.,* 261 AD2d 958). It is uncontroverted that the appellant is not Stacey's biological father. It is also uncontroverted that Stacey is aware of this fact; she reportedly visits with her biological father on a monthly basis. Thus, Stacey's true paternity is not in issue (*see Matter of Multari v Sorrell, supra* at 767).

There is no evidence in the record from which to conclude that Stacey, whose best interests are of paramount importance, "would suffer irreparable loss of status, destruction of her fam-

ily image, or other harm to her physical or emotional well-being if this proceeding were permitted to go forward" (*Matter of Carol S. v Gerard D., supra* at 378). We know nothing about the quality of the relationships Stacey presently maintains with the appellant or her biological father. The record is wholly inadequate to make any informed decision of Stacey's best interests.

While the appellant apparently misled the Supreme Court in the name change proceeding, giving rise to a potential judicial estoppel (*see Robin I. v Ronald J., supra*; *Matter of Spooner v Spooner,* 244 AD2d 667; *Matter of Kane,* 104 Misc 2d 83, 84), estoppels are equitable doctrines used to promote fairness and justice. On this record, it is not clear that the appellant held Stacey out as his daughter, as opposed to his stepdaughter, and it cannot be said that justice, and Stacey's best interests, would be best served by compelling the appellant to shoulder the legal support obligation that should, and may yet be borne by her biological father.

Accordingly, the matter is remitted to the Family Court, Dutchess County, for a best interests hearing. Every reasonable effort should be undertaken to obtain jurisdiction over, and to join as a necessary party, Stacey's biological father. Testimony and relevant evidence should be considered in order to ascertain Stacey's best interests. Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur.