■ In the Matter of DENA L. GUTIERREZ, Respondent, v OSCAR GUTIERREZ-DELGADO, Appellant. (And Another Related Proceeding.) [823 NYS2d 248]—

Rose, J. Appeals from two orders of the Family Court of Columbia County (Czajka, J.), entered November 21, 2005, and November 23, 2005, which, inter alia, in two proceedings pursuant to Family Ct Act article 6, denied respondent's motion to release paternity test results.

The parties were married in 2001, but lived together only intermittently. After two children were born in 2003 and 2004, petitioner commenced these custody proceedings and respondent asserted that he is not the children's biological father. In support of his claim, he sought an order directing release of the results of private DNA testing that had been conducted, allegedly with petitioner's consent, to determine paternity. Family Court denied respondent's motion, prompting his appeal.

A party seeking paternity testing under the Family Ct Act need not provide factual support for the allegations of paternity or nonpaternity; he or she need only articulate some basis for them (*see Prowda v Wilner*, 217 AD2d 287, 289 [1995]; *see also* Family Ct Act §§ 418, 532). Although respondent did not conclusively identify who he believes the children's father may be, he did aver that he had no sexual relations with petitioner around the time when the older child was conceived, he was not living with her when the younger child was conceived and she told him he was not the father of either child. It was unnecessary for respondent to present evidence of a complete lack of sexual access, and his allegations demonstrate that a nonfrivolous controversy exists as to paternity (*see Matter of Walter P. v Melissa O.*, 251 AD2d 902, 903 [1998]). Thus, the burden shifted to petitioner to demonstrate why testing would not be in the children's best interests, and she could not simply rely upon the presumption of legitimacy of a child born to a married woman (*see Prowda v Wilner, supra* at 289).

The factors to be considered in determining whether the best interests of a child would be served by paternity testing include the child's interest in knowing with certainty the identity of his or her biological father, whether the identity of others who may be proven to be his or her father is known or likely to be discovered, the traumatic effect the testing may have on the child and the impact, if any, that the uncertainty as to paternity might have on the father-child relationship if testing were not ordered (*see Matter of Anthony M.*, 271 AD2d 709, 711 [2000]; *Prowda v Wilner, supra* at 290). Here, Family Court recognized these factors but failed to consider them. Instead, it erroneously based its determination upon the presumption, together with an incorrect application of equitable estoppel as to the older child.

In light of the undisputed lack of an established and significant parent-child relationship between respondent and the children, equitable estoppel is inapplicable here (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 327 [2006]; *compare Hammack v Hammack*, 291 AD2d 718, 720 [2002] [where estoppel was applied because testing might nullify "long-standing, extensive and loving parent-child relationships"]).

Because petitioner addressed the children's best interests in her affidavits only by asserting that those interests would be served by the children remaining legitimate, the present record is insufficient for us to determine their best interests (*see Matter of Charles v Charles*, 296 AD2d 547, 549-550 [2002]; *Matter of Lanpher v Lanpher*, 215 AD2d 905, 905-906 [1995]; *Elizabeth A.P. v Paul T.P.*, 199 AD2d 1030, 1030 [1993]). Also, in the event that testing proves to be in the children's best interests, new DNA testing should be performed to assure the accuracy of the results (*see Matter of Barbara A.M. v Gerard J.M.*, 178 AD2d 412, 413 [1991]). Accordingly, we remit the matter for a hearing to determine the children's best interests and entry of an appropriate order thereafter.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as denied respondent's motion to release paternity test results; matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.