Matter of Nassau County Dept. of Social Servs. v B.W. (2007 NY Slip Op 51626(U))

[*1]

Matter of Nassau County Dept. of Social Servs. v B.W.

2007 NY Slip Op 51626(U) [16 Misc 3d 1128(A)]

Decided on August 15, 2007

Family Court, Nassau County

Singer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 15, 2007

Family Court, Nassau County
In the Matter of a proceeding under Article 5 of the Family Court Act, Nassau County Department of Social Services o/b/o K.D., Petitioner,
against
B.W., Respondent.
P-0000-00

The Nassau County Department of Social Services o/b/o petitioner K.D. is represented by Deputy County Attorney Nadine Bailey. The respondent is represented by Kira Schettino, Esq., of the Legal Aid Society of Nassau County. Ellen Pollack, Esq. was appointed law guardian for the child D.

Conrad D. Singer, J.
The matter before the Court is a motion brought by the Deputy County Attorney's Office, on behalf of the Nassau County Department of Social Services, seeking to have the Court direct the respondent to submit to DNA testing for the purpose of establishing paternity of the child D. Both the respondent and law guardian submitted opposition papers invoking the doctrine of equitable estoppel, arguing that the child has an intact father-child relationship with another individual. The Deputy County Attorney then submitted reply papers, arguing neither the law guardian nor respondent have established that the child would be irreparably harmed if DNA testing was ordered.
This matter was initiated when DSS filed a petition for paternity and support against respondent. Magistrate Neil Miller presided, and referred the matter to this Court once the issue of equitable estoppel was raised.
The doctrine of equitable estoppel may be used in a variety of family law matters including custody, visitation, support and, as here, paternity. Charles v. Charles, 296 AD2d 547, 745 NYS2d 572, (2d Dept. 2002) NY Slip Op. 05960. Regardless of whether it is being used in an offensive [*2]posture to enforce rights or a defensive posture to prevent rights from being enforced, it is only to be used to protect the best interests of the child or children involved. Id. Herein, the respondent and law guardian seek to invoke the doctrine in an defensive posture, seeking to prevent respondent from having to take a DNA test.
In this matter, the respondent and law guardian seek to invoke equitable estoppel, alleging that a different man, J., is the person whom the child believes to be his father. J. has not submitted an affidavit and in no way has attempted to confirm or refute this allegation to the Court. The law guardian asserts that the child calls J. "Daddy", has lived with J. for the last year, is cared for by J. on a daily basis and that J. and petitioner have another biological child in common.
The Court finds that the law guardian's assertions alone do not meet the burden required to establish that a parent-child relationship exists between D. and J. See C.M. v. S.H., 16 Misc 3d 217 (Fam. Ct. Nassau Cty. 2007). A denial of DNA testing on equitable estoppel grounds requires a greater showing of proof. Cf. Jean Maby H. v. Joseph H. 246 AD2d 282 (2d Dept. 1998).
It is well settled that the Court's overriding concern when determining whether to invoke equitable estoppel is the best interests of the child. Greg S. v. Keri C., 38 AD3d 905 (2d Dept. 2007). The factors to be considered when trying to make such a determination are: the child's interest in knowing the identity of the biological parent; whether the biological parent's identity is likely to be discovered; whether the DNA testing would have a traumatic affect upon the child; and whether uncertainty as to paternity would impact a parent-child relationship. Gutierrez v. Gutierrez-Delgado, 33 AD3d 1133 (3d Dept. 2006). None of the moving or opposition papers provide this Court with sufficient information to address any of these factors. Further, this Court is concerned about the child's status should equitable estoppel be applied. The law guardian and respondent claim that J. has a parent-child relationship with D. Should this Court invoke equitable estoppel herein, a situation could arise where J. leaves D.'s family, leaving D. with no source of support from a noncustodial parent. This certainly is not in D.'s best interest.
Finally, it is clear that respondent's concern in invoking equitable estoppel is to avoid the responsibilities associated with being declared the child's father. Equitable estoppel is not to be used for the purpose of avoiding child support. Ruby M.M v. Moses K., 18 AD3d 471 (2d Dept. 2005). Accordingly, the Deputy County Attorney's motion is granted. The respondent, petitioner and child are directed to appear for DNA testing. The matter shall be referred back to Magistrate Miller for resolution of the paternity proceeding and, if appropriate, a child support determination. Therefore, it is

ORDERED that the motion of Deputy County Attorney Bailey to direct that DNA testing occur is granted; and it is further

ORDERED that the parties are to appear before Magistrate Neil Miller on September 7, 2007.
This constitutes the decision and order of the Court.
ENTER
[*3]
_______________________________HON. CONRAD D. SINGER
Judge of the Family Court
Dated: August 15, 2007
Check Applicable Box
Order mailed on [specify date(s) and to whom mailed]: _____________________________
Order received in court on [specify date(s) and to whom given]: ______________________
PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OF THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST