■ In the Matter of ANDREW B., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH B., Appellant. (Proceeding No. 1.) In the Matter of JASMINE B., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH B., Appellant. (Proceeding No. 2.) [900 NYS2d 661]—In two related neglect proceedings pursuant to Family Court Act article 10, the mother appeals (1) from an order of the Family Court, Suffolk County (Quinn, J.), dated May 22, 2009, and (2), as limited by her brief, from stated portions of an order of fact-finding and disposition of the same court, also dated May 22, 2009, which, upon a decision of the same court dated April 8, 2009, made after a hearing, inter alia, found that she neglected her daughter Jasmine B. and derivatively neglected her son Andrew B.

Ordered that the appeal from the first order dated May 22, 2009, is dismissed, as abandoned, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

We decline to review the mother's contention that the findings of neglect due to her mental condition were precluded by res judicata and collateral estoppel based upon a previous finding by the Supreme Court, Suffolk County, after a hearing pursuant to Mental Hygiene Law § 9.39, that her continued hospitalization was not required, as the mother failed to perfect a prior appeal from the Family Court's order denying her motion to dismiss the petitions upon those grounds (*see Bray v Cox*, 38 NY2d 350 [1976]).

The Family Court's assessment of the credibility of witnesses is entitled to considerable deference unless clearly unsupported by the record (*see Matter of Irene O.*, 38 NY2d 776 [1975]; *Matter of Aminat O.*, 20 AD3d 480 [2005]). The Family Court's finding that the mother's mental condition caused impairment, or an imminent danger of impairment, to the physical, mental, or

emotional condition of her daughter, Jasmine, was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i]; § 1046 [b] [i]; *Matter of Ifeiye O.*, 53 AD3d 501 [2008]; *Matter of Caress S.*, 250 AD2d 490 [1998]; *Matter of Nassau County Dept. of Social Servs. v Diane B.*, 231 AD2d 523 [1996]; *Matter of Child Welfare Admin. v Jennifer A.*, 218 AD2d 694 [1995]; *Matter of Baby Boy E.*, 187 AD2d 512 [1992]). Jasmine's testimony was not incredible. Further, the evidence supported the derivative finding of neglect as to Andrew (*see* Family Ct Act § 1046 [a] [i]; *Matter of Amber C.*, 38 AD3d 538 [2007]). Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.