In a proceeding pursuant to Family Court Act § 516-a to vacate an acknowledgment of paternity, the petitioner appeals from an order of the Family Court, Queens County (Arias, J.), dated April 19, 2012, which, after a hearing, dismissed the petition.
Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.
A party seeking to vacate an acknowledgment of paternity more than 60 days after it was executed must establish that it *796 was signed by reason of fraud, duress, or material mistake of fact (see Family Ct Act § 516-a [b] [ii]; Matter of Derrick H. v Martha J., 82 AD3d 1236, 1237 [2011]; Matter of Santos Ernesto R. v Maria S.C., 66 AD3d 910, 911 [2009]). If the petitioner satisfies this burden, “the court is required to conduct a further inquiry to determine whether the petitioner should be estopped, in accordance with the child’s best interest, from challenging paternity” (Matter of Derrick H. v Martha J., 82 AD3d at 1237; see Family Ct Act § 516-a [b] [ii]; Matter of Santos Ernesto R. v Maria S.C., 66 AD3d at 912; Matter of Darlene L.-B. v Claudio B., 27 AD3d 564, 564-565 [2006]; Matter of Westchester County Dept. of Social Servs. v Robert W.R., 25 AD3d 62, 71-72 [2005]).
Here, as the respondent correctly concedes, the petitioner demonstrated that he executed the acknowledgment of paternity based upon a material mistake of fact. The petitioner testified that he and the respondent engaged in sexual relations during the relevant time period and that at the time he executed the acknowledgment of paternity, he thought that he was the child’s father. The petitioner further testified that at the time he signed the acknowledgment, he was not aware that the respondent had another sexual partner during the relevant time period. The respondent’s testimony confirmed that she had another sexual partner during the relevant time period. In addition, the respondent testified that she later received DNA test results which excluded the petitioner as the child’s biological father. Consequently, the record establishes that the petitioner executed the acknowledgment of paternity due to a material mistake of fact (see Matter of Derrick H. v Martha J., 82 AD3d at 1237-1238; Matter of McCoy v Briggs, 22 Misc 3d 1110[A], 2009 NY Slip Op 50079[U] [2009]).
Accordingly, the petition must be reinstated and the matter remitted to the Family Court, Queens County, for a hearing to determine whether the petitioner should be estopped, in accordance with the child’s best interest, from vacating the acknowledgment of paternity (see Family Ct Act § 516-a [b] [ii]; Matter of Derrick H. v Martha J., 82 AD3d at 1237; Matter of Santos Ernesto R. v Maria S.C., 66 AD3d at 912; Matter of Darlene L.-B. v Claudio B., 27 AD3d at 564-565; Matter of Westchester County Dept. of Social Servs. v Robert W.R., 25 AD3d at 71-72).
In light of our determination, we need not address the appellant’s remaining contentions. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.