In the Matter of ANGELO A.R., Appellant, v TENISHA N.W., Respondent. [969 NYS2d 107]—

In a proceeding pursuant to Family Court Act § 516-a to vacate an acknowledgment of paternity, the petitioner appeals from an order of the Family Court, Orange County (Klein, J.), dated April 11, 2012, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

A party seeking to challenge an acknowledgment of paternity more than 60 days after its execution must prove that it was signed by reason of fraud, duress, or material mistake of fact (*see* Family Ct Act § 516-a [b] [ii]). If the petitioner meets this burden, the court is required to conduct a further inquiry to determine whether the petitioner should be estopped, in accordance with the child's best interests, from challenging paternity (*see* Family Ct Act § 516-a [b] [ii]; *Matter of Derrick H. v Martha J.*, 82 AD3d 1236, 1237 [2011]; *Matter of Darlene L.-B. v Claudio B.*, 27 AD3d 564, 564-565 [2006]). If the court concludes that estoppel is not warranted, the court is required to order genetic marker tests or DNA tests for the determination of paternity, and to vacate the acknowledgment of paternity in the event that the individual who executed the document is not the child's father (*see* Family Ct Act § 516-a [b] [ii]; *Matter of Derrick H. v Martha J.*, 82 AD3d at 1237; *Matter of Darlene L.-B. v Claudio B.*, 27 AD3d at 564-565).

Here, there is no dispute that the petitioner executed the acknowledgment of paternity based upon a material mistake of fact. Contrary to the petitioner's contention, however, the Family Court providently exercised its discretion in concluding that, nonetheless, he was equitably estopped from denying his paternity of the subject child, Mikayla R. The purpose of equitable estoppel "is to prevent someone from enforcing rights that

would work injustice on the person against whom enforcement is sought and who, while justifiably relying on the opposing party's actions, has been misled into a detrimental change of position" (*Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). Thus, "a man who has held himself out to be the father of a child, so that a parent-child relationship developed between the two, may be estopped from denying paternity," in light of the child's justifiable reliance upon such representations, and the resulting harm that his denial of paternity would engender (*id.* at 327; *see Matter of Derrick H. v Martha J.*, 82 AD3d at 1238). "The doctrine in this way protects the status interests of a child in an already recognized and operative parent-child relationship" (*Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 5 [2010] [internal quotation marks and citation omitted]; *see Matter of Derrick H. v Martha J.*, 82 AD3d at 1238). In all cases, "the doctrine of equitable estoppel will be applied only where its use furthers the best interests of the child" (*Matter of Charles v Charles*, 296 AD2d 547, 549 [2002]; *see Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d at 5; *Matter of Shondel J. v Mark D.*, 7 NY3d at 326; *Matter of Derrick H. v Martha J.*, 82 AD3d at 1238).

Here, the hearing evidence demonstrated that the petitioner, and Mikayla R.'s mother, along with Mikayla R. and the couple's older daughter, all lived together as a family for at least four years. During that time, the mother gave birth to another daughter as well. After the petitioner and the mother separated, the petitioner maintained overnight weekend visits with Mikayla R. and her two siblings at least once a month for approximately two years. At all relevant times, the petitioner held himself out as Mikayla R.'s father, and she recognized him as such. Under these circumstances, the Family Court properly determined that the petitioner was equitably estopped from denying paternity of Mikayla R., as there had been a "recognized and operative parent-child relationship" in existence for approximately six years (*Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d at 5 [internal quotation marks and citation omitted]; *see Shondel J. v Mark D.*, 7 NY3d at 328, 331-332; *Matter of Smythe v Worley*, 72 AD3d 977, 979 [2010]; *cf. Matter of Felix O. v Janette M.*, 89 AD3d 1089, 1090-1091 [2011]; *Matter of Derrick H. v Martha J.*, 82 AD3d at 1239; *Matter of Ellis v Griffin*, 308 AD2d 449, 450 [2003]). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.