*951 In a proceeding pursuant to Family Court Act § 516-a to vacate an acknowledgment of paternity, the petitioner appeals from an order of the Family Court, Westchester County (Malone, J.), entered December 7, 2012, which, after a hearing, inter alia, denied the petition.
Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.
In the summer of 2007, the parties, while they were coworkers, became involved in a sexual relationship. They continued this relationship on an intermittent basis until the summer of 2010. In the interim, in December 2009, the respondent mother informed the petitioner that she was pregnant and that he was the father of the child.
The subject child was born in September 2010. The petitioner was present in the delivery room when the child was born and returned to the hospital to bring the respondent and the child home to the respondent’s residence. On that day, the respondent presented the petitioner with an acknowledgment of paternity (hereinafter AOP) and asked the petitioner to sign it, which he did.
In December 2011, the petitioner filed the subject petition to vacate his AOP based, inter alia, on a material mistake of fact, alleging that after the child was born, the respondent revealed that she had been involved in an intimate relationship with another man during the period in which the child was conceived, and that the other man was the father of the child. The respondent opposed the petition.
At the beginning of the hearing regarding the petition to vacate the AOP the attorneys for the petitioner and the respondent informed the court that the parties had consented to a finding of a material mistake of fact when the petitioner signed the AOP The court then directed that a voir dire of the respondent be conducted and, at the conclusion of the voir dire, the court found that the respondent did not admit that there was a mistake. Thus, rather than accepting the parties’ stipulation, the court proceeded with the hearing.
The petitioner testified that the parties ended their relationship prior to August 2009, but resumed having sexual relations from November to December 2009, at which time the respon *952 dent informed him that she was pregnant and assured him that the child was his. The petitioner also testified that, when he went to drive the respondent and child to their home from the hospital, the respondent told him that the hospital would not release the baby without the AOP being signed and she handed him the AOP to sign. He further testified that, even though he expressed doubts about the paternity of the child, the respondent stated that he would be able to have a paternity test whenever he wanted if he discovered any reason to doubt the child’s paternity.
The petitioner testified that he was not sure whether he was the respondent’s only sexual partner during the time that they were together, but did not believe that he was. He also testified that, in April 2011, coworkers, including one who was his current girlfriend, informed him that the respondent had been involved in a relationship with another man during the relevant time period and that this other man was the father of the subject child.
The petitioner testified that he visited the child only five or six times prior to filing the petition, and that he last saw the child when she was six months old. The respondent testified that the petitioner had no relationship with the child.
In the order appealed from, entered December 7, 2012, the Family Court found that the petitioner did not meet his burden of proving that the AOP was executed under fraud, duress, or material mistake of fact, denied his request to vacate the AOI] determined that the petitioner was estopped from having a court-ordered genetic marker test, and reinstated a prior order of support. The petitioner appeals.
“A party seeking to challenge an acknowledgment of paternity more than 60 days after its execution must prove that it was signed by reason of fraud, duress, or material mistake of fact” (Matter of Angelo A.R. v Tenisha N.W., 108 AD3d 560, 560 [2013]; see Family Ct Act § 516-a [b] [ii]; Matter of Oscar X.F. v Ileana R.H., 107 AD3d 795, 796 [2013]; Matter of Derrick H. v Martha J., 82 AD3d 1236, 1237 [2011]). “If the petitioner satifies this burden, ‘the court is required to conduct a further inquiry to determine whether the petitioner should be estopped, in accordance with the child’s best interest, from challenging paternity’ ” (Matter of Oscar X.F. v Ileana R.H., 107 AD3d at 796, quoting Matter of Derrick H. v Martha J., 82 AD3d at 1237; see Family Ct Act § 516-a [b] [ii]; Matter of Angelo A.R. v Tenisha N.W., 108 AD3d 560 [2013]).
Contrary to the contention of the petitioner and the attorney for the child, the Family Court did not err in finding that a *953 hearing on the issue of whether there was a material mistake of fact was necessary, since the court’s questioning of the respondent demonstrated that she did not agree that the petitioner had signed the AOP under the mistaken belief that he was the subject child’s biological father. Since the respondent’s position throughout the proceedings was that the petitioner was the child’s father, a hearing on that issue was proper despite the proposed stipulation with respect to that issue.
However, the petitioner met his initial burden of establishing that the AOP was signed by reason of material mistake of fact. “A party seeking paternity testing under the Family C[our]t Act need not provide factual support for the allegations of paternity or nonpaternity; he or she need only articulate some basis for them” (Matter of Gutierrez v Gutierrez-Delgado, 33 AD3d 1133, 1134 [2006]; see Prowda v Wilner, 217 AD2d 287, 289 [1995]). Although the dissent correctly notes that neither Gutierrez nor Prowda involved proceedings to vacate an AOP, there is no language in either case to suggest that the burden of proof requirements articulated in those cases would be inappropriate to apply with respect to this proceeding, which ultimately addresses the binding effect of the AOP on the petitioner and not, as suggested by our dissenting colleagues, the actual paternity of the child.
Here, the petitioner testified that he signed the AOP because, during the relevant time period, he and the respondent were having sexual relations and the respondent represented that he was the biological father. He also testified that it was only after he executed the AOP that he learned from coworkers that another man may be the child’s actual biological father, causing him to question his paternity. The petitioner’s testimony was sufficient pursuant to Family Court Act § 516-a (b) (ii) to establish a material mistake of fact (see Matter of Derrick H. v Martha J., 82 AD3d at 1237-1238).
Further, in light of the Family Court’s finding that the petitioner did not meet his initial burden of proof, no hearing was held on the matter of the child’s best interests. However, since it is undisputed that the parties were never married to each other and did not live together at any time during the child’s life, the petitioner had only visited with the child approximately five or six times before visitation ceased altogether when the child was less than eight months old, and the respondent testified that the petitioner had no relationship with the child, it would not be appropriate to apply the doctrine of equitable estoppel to preclude the ordering of genetic marker or DNA tests for determination of the child’s paternity. Under *954 these circumstances, there is no evidence that the child “would suffer irreparable loss of status, destruction of her family image, or other harm to her physical or emotional well-being if this proceeding were permitted to go forward” (Matter of Derrick H. v Martha J., 82 AD3d at 1239 [internal quotation marks omitted]; see Family Ct Act § 516-a [b] [ii]; Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5 [2010]; Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]).
In light of our determination, we need not address the parties’ remaining contentions.
Accordingly, we reverse the order appealed from and remit the matter to the Family Court, Westchester County, for a determination of the child’s paternity in accordance with Family Court Act § 516-a (b) (ii). Austin, Roman and Miller, JJ., concur.