Hall, J.,
dissents, and votes to affirm the order appealed from, with the following memorandum, in which Angiolillo, J.R, concurs: I respectfully dissent, and vote to affirm the order appealed from.
Family Court Act § 516-a (b) (ii) provides, in relevant part, that “[a]fter the expiration of sixty days of the execution of the acknowledgment, either signator may challenge the acknowledgment of paternity [hereinafter AOP] in court by alleging and proving fraud, duress, or material mistake of fact.” The statute further provides that “[i]f the petitioner proves to the court that the [AOP] was signed under fraud, duress, or due to a material mistake of fact, the court shall order genetic marker tests or DNA tests for the determination of the child’s paternity” (Family Ct Act § 516-a [b] [ii]). Thus, under the statute, fraud, duress, or material mistake of fact must be proven as a prerequisite to a request for a DNA or genetic marker test in a proceeding to vacate an AOP more than 60 days after its execution (see Family Ct Act § 516-a [b] [ii]).
I agree with the majority’s determination that the Family Court properly conducted a hearing in this matter. However, in my view, the Family Court also properly found that the petitioner failed to satisfy his burden of proving that he executed the AOP based upon a material mistake of fact. The petitioner testified that, during the relevant time period, he had a casual sexual relationship with the respondent, who told him that she was involved in sexual relationships with other people. When the petitioner learned of the respondent’s pregnancy, he asked, “[i]s the child mine[?],” and the respondent assured him that the child was his. After signing the AOP, the petitioner heard from coworkers that another man may be the biological father of the child. In contrast, the respondent testified that, at *955 the time the child was conceived, she was not having a sexual relationship with anyone but the petitioner (cf. Matter of Oscar X.F. v Ileana R.H., 107 AD3d 795, 796 [2013]; Matter of Derrick H. v Martha J., 82 AD3d 1236, 1238 [2011]). The Family Court found the petitioner to be “less than credible,” but did not find the respondent to be “lacking any credibility.” In addition, the Family Court did not credit the petitioner’s testimony as to the information he received from his coworkers, one of whom was his current girlfriend. Since these credibility findings are not clearly unsupported by the record, they are entitled to considerable deference (see Matter of Andrew B. [Deborah B.], 73 AD3d 1036, 1036 [2010]; cf. Matter of Derrick H. v Martha J., 82 AD3d at 1238).
I do not read the decisions of the Appellate Division, Third Department, in Matter of Gutierrez v Gutierrez-Delgado (33 AD3d 1133 [2006]) and Prowda v Wilner (217 AD2d 287 [1995]) as standing for the proposition that a party seeking to vacate an AOP more than 60 days after its execution need only articulate some basis, or a nonfrivolous controversy, as to paternity in order to vacate the AOP and obtain DNA or genetic marker testing. Indeed, an AOP was not even at issue in those cases. In Gutierrez, the respondent sought an order directing the release of the results of private DNA testing that had already been conducted. No party was seeking to vacate an AOP more than 60 days after its execution and, thus, Family Court Act § 516-a (b) (ii) was not at issue in the case. In Prowda, a divorce action, the defendant moved for a blood-grouping test pursuant to Family Court Act § 418 (a) to determine the subject child’s paternity. The Third Department addressed the issue of whether the requested testing should be ordered in light of the presumption of legitimacy of a child born to a married woman. In its decision, the Third Department never mentioned Family Court Act § 516-a (b) (ii), or the standard of proof required to vacate an AOP more than 60 days after its execution. According to the plain language of Family Court Act § 516-a (b) (ii), the statute requires proof of fraud, duress, or material mistake of fact, not the mere articulation of some basis for nonpaternity. If the Legislature had intended the mere articulation of some basis for nonpaternity to be sufficient to vacate an AOP more than 60 days after its execution, it would not have required a petitioner to prove fraud, duress, or material mistake of fact in order to achieve that end.
Here, the petitioner was required to prove that he executed the AOP based on a material mistake of fact. This he failed to do. According to the petitioner’s own testimony, prior to signing *956 the AOF] he was told by the respondent that she had other sexual partners during the relevant time period. Thus, the petitioner failed to prove that he signed the AOP under the mistaken belief that he was the only possible biological father of the child (cf. Matter of Oscar X.F. v Ileana R.H., 107 AD3d at 796; Matter of Derrick H. v Martha J., 82 AD3d at 1237-1238). While the petitioner may have raised a nonfrivolous controversy as to paternity, this was insufficient to satisfy the petitioner’s burden of proof under Family Court Act § 516-a (b) (ii).
Since the petitioner failed to prove that his execution of the AOP was based on “fraud, duress, or material mistake of fact” (Family Ct Act § 516-a [b] [ii]), the Family Court properly denied his request for DNA or genetic marker testing (see Matter of Miskiewicz v Griffin, 41 AD3d 853, 854 [2007]; Matter of Westchester County Dept. of Social Servs. v Robert W.R., 25 AD3d 62, 70 [2005]; see also Matter of Demetrius H. v Mikhaila C.M., 35 AD3d 1215, 1216 [2006]). Accordingly, in my view, the order appealed from should be affirmed.