In a proceeding pursuant to Family Court Act § 516-a to vacate an acknowledgment of paternity, the petitioner appeals from an order of the Family Court, Nassau County (Kent, J.), dated June 19, 2013, which, after a hearing, denied the petition on the ground that the petitioner was equitably estopped from challenging paternity.
Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith.
The subject child was born on November 12, 2004, and the petitioner executed an acknowledgment of paternity on April 26, 2005. In 2007, the mother told the petitioner that he was not the child’s father, and in 2013, the petitioner commenced this proceeding to vacate the acknowledgment of paternity. The Family Court conducted a hearing to determine whether the petitioner should be estopped from challenging paternity, and in the order appealed from, the court denied the petition based on equitable estoppel.
“The purpose of equitable estoppel ‘is to prevent someone from enforcing rights that would work injustice on the person against whom enforcement is sought and who, while justifiably relying on the opposing party’s actions, has been misled into a detrimental change of position’ ” (Matter of Derrick H. v Martha J., 82 AD3d 1236, 1238 [2011], quoting Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]). Thus, “a man who has held himself out to be the father of a child, so that a parent-child relationship developed between the two, may be estopped from denying paternity,” in light of the child’s justifiable reliance upon such representations, and the resulting harm that the man’s denial of paternity would engender (Matter of Shondel J. v Mark D., 7 NY3d at 327). “The doctrine in this way protects ‘the status interests of a child in an already recognized and operative parent-child relationship’ ” (Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5 [2010], quoting Matter of Baby Boy C., 84 NY2d 91, 102 n [1994]; see Matter of Antonio H. v *887 Angelic W., 51 AD3d 1022, 1023 [2008]). The doctrine of equitable estoppel will be applied only where its use furthers the best interests of the subject child (see Family Ct Act § 418 [a]; Matter of Juanita A. v Kenneth Mark N., 15 NY3d at 5; Matter of Shondel J. v Mark D., 7 NY3d at 326; Matter of Charles v Charles, 296 AD2d 547, 549 [2002]).
Here, the Family Court improvidently exercised its discretion in concluding that the petitioner was estopped from denying his paternity of the child (see Family Ct Act § 418 [a]). The hearing evidence demonstrated that the petitioner did not have a parent-child relationship since the child was approximately three years old at the time when the petitioner learned from the mother that he was not the child’s father and the parties separated. The mother testified that the child did not know the petitioner as his father and that the two had not seen each other in years. There was no evidence that the child would suffer irreparable loss of status, destruction of her family image, or other harm to her physical or emotional well-being if this proceeding were permitted to go forward (see Matter of Derrick H. v Martha J., 82 AD3d at 1237). Under the particular circumstances of this case, we cannot conclude that the ordering of genetic marker or DNA testing for the determination of the child’s paternity would be contrary to the best interests of the child (see Family Ct Act § 516-a [b] [ii]; Matter of Derrick H. v Martha J., 82 AD3d at 1237; cf. Matter of Angelo A.R. v Tenisha N.W., 108 AD3d 560, 561 [2013]).
Accordingly, we reverse the order appealed from, reinstate the petition, and remit the matter to the Family Court, Nassau County, for a determination of the child’s paternity in accordance with Family Court Act § 516-a (b).
Skelos, J.E, Dillon, Roman and Maltese, JJ., concur.