■ In the Matter of RAYISHA S.R., Respondent, v DONNIE S., Appellant. [999 NYS2d 120]—

Appeal from an order of filiation of the Family Court, Orange County (Carol S. Klein, J.), dated May 20, 2013. The order of filiation upon, in effect, denying the appellant's application for a genetic marker test, granted the paternity petition of the Orange County Department of Social Services, and adjudicated the appellant to be the father of the subject child.

Ordered that the order of filiation is reversed, on the law and the facts, without costs or disbursements, the appellant's application for a genetic marker test is granted, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

In December 2012, the Orange County Department of Social Services filed a paternity petition against the appellant on behalf of the mother of the subject child, alleging him to be the father of the subject child, who was born in June 2009. The appellant, who had been incarcerated continuously from November 2008 to December 2012, requested a genetic marker test, commonly known as a DNA test. After a hearing, at which the mother did not appear, and where the only testimony was given by the appellant, the Family Court determined that the appellant was estopped from contesting paternity, denied his application for a DNA test, and entered an order of filiation declaring the appellant to be the father of the subject child.

Contrary to the Family Court's determination, the appellant should not have been estopped from contesting his paternity of the subject child. Here, considering the lack of a relationship between the appellant and the subject child, there was no evidence that "the child would suffer irreparable loss of status, destruction of her family image, or other harm to her physical or emotional well-being" if the DNA test were administered and it was ultimately shown that the appellant was not the biological father of the subject child (*Matter of Derrick H. v Martha J.*, 82 AD3d 1236, 1239 [2011] [internal quotation marks omitted]; *see Matter of Sidney W. v Chanta J.*, 112 AD3d 950 [2013]).

Accordingly, we cannot conclude that a genetic marker test of

the appellant's and the subject child's DNA would be contrary to the best interest of the subject child. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.