■ In the Matter of ANDRIA L.M., Appellant, v EMORY M.M., Respondent. [10 NYS3d 320]—

Appeal from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated July 25, 2014. The order, after a hearing, dismissed the mother's petition for an order of filiation and child support.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

The mother of the subject child commenced this proceeding alleging that the respondent was the father of the child and seeking an order of filiation and child support. In an order dated November 21, 2013, a Support Magistrate noted that both parties had requested that a genetic marker test be performed, but referred the matter to a Family Court Judge for a determination as to whether the respondent should be estopped from denying paternity. In an order dated July 25, 2014, made after a hearing, the Family Court Judge determined that because the respondent had only a "very minimal relationship" with the child, he should not be estopped from denying his paternity of the child. In the same order, the court dismissed the mother's petition, despite the fact that no genetic marker test had been performed.

Family Court Act § 532 (a) provides that on the motion of any party, the court shall order that one or more genetic marker tests be performed unless there has been a written finding by the court that such a test is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman. Accordingly, insofar as relevant here, upon determining that the respondent should not be equitably estopped from denying his paternity of the child, the Family Court should not have dismissed the mother's petition, but should have instead

ordered that genetic marker testing be performed (*see Matter of Rayisha S.R. v Donnie S.*, 123 AD3d 833 [2014]; *Matter of Felix M. v Leonarda R.C.*, 118 AD3d 886, 887 [2014]; *Matter of Sidney W. v Chanta J.*, 112 AD3d 950, 953 [2013]).

For the foregoing reasons, the mother's petition is reinstated and the matter is remitted to the Family Court, Westchester County, for genetic marker testing and a determination of the petition thereafter. Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.