■ In the Matter of Luis Hugo O., Appellant, v Paola O., Respondent. [12 NYS3d 183]—

Appeal from an order of the Family Court, Suffolk County (Theresa Whelan, J.), dated July 25, 2014. The order, after a hearing, dismissed the petition to vacate an acknowledgment of paternity.

Ordered that the order is affirmed, without costs or disbursements.

A party seeking to challenge an acknowledgment of paternity more than 60 days after its execution must prove that it was signed by reason of fraud, duress, or material mistake of fact (see Family Ct Act § 516-a [b] [ii]). If the petitioner meets this burden, the court is required to conduct a further inquiry to determine whether the petitioner should be estopped, in accordance with the child's best interests, from challenging paternity (see id.; Matter of Derrick H. v Martha J., 82 AD3d 1236, 1237 [2011]).

Here, it is undisputed that the Family Court correctly determined, after a hearing, that the petitioner established that he executed the acknowledgment of paternity based upon a material mistake of fact. Contrary to the petitioner's conten-

tion, however, the Family Court did not err in further determining, based upon the evidence presented at the same hearing, that the best interests of the child necessitated that the petitioner be equitably estopped from denying paternity (*see e.g. Matter of Derrick H. v Martha J.*, 82 AD3d at 1238-1239). The petitioner had a full opportunity to adduce evidence regarding both the execution of the acknowledgment of paternity and the nature and extent of the subject parent-child relationship within the single hearing, and he in fact presented evidence as to both matters.

The Family Court providently exercised its discretion in concluding that the petitioner should be equitably estopped from denying paternity. The purpose of equitable estoppel "is to prevent someone from enforcing rights that would work injustice on the person against whom enforcement is sought and who, while justifiably relying on the opposing party's actions, has been misled into a detrimental change of position" (*Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). Thus, "a man who has held himself out to be the father of a child, so that a parent-child relationship developed between the two, may be estopped from denying paternity" (*id.* at 327). "The doctrine in this way protects the status interests of a child in an already recognized and operative parent-child relationship" (*Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 5 [2010] [internal quotation marks and citation omitted]). The paramount concern in such cases "has been and continues to be the best interests of the child" (*Matter of Shondel J. v Mark D.*, 7 NY3d at 326).

Here, the hearing evidence demonstrated that the petitioner lived with the child from the time of her birth in March 2005, until 2011. After the parties separated in 2011, the petitioner continued to visit with the child approximately one to two times per week. According to the petitioner, the child is free to visit with him whenever she wants. Although the child knows that the petitioner is not her biological father, she does not refer to or think of anyone else as her father. The child has a strong relationship with the petitioner and wants to spend more time with him and his son, whom she regards as her brother. Accordingly, the evidence established that, up to the time of the hearing, there had been a recognized and operative parent-child relationship between the petitioner and the child in existence all of the child's life (*see Matter of Angelo A.R. v Tenisha N.W.*, 108 AD3d 560 [2013]; *cf. Matter of Felix M. v Leonarda R.C.*, 118 AD3d 886 [2014]; *Matter of Sidney W. v Chanta J.*, 112 AD3d 950 [2013]).

Therefore, the Family Court properly dismissed the petition to vacate the acknowledgment of paternity. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.