In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of DAISY E.R., Respondent, v DORIAN E.L., Appellant. [58 NYS3d 530]—

Appeal from an order of filiation of the Family Court, Orange County (Carol S. Klein, J.), dated June 27, 2016. The order of filiation, upon, in effect, denying the application of Dorian E. L. for a genetic marker test, granted the paternity petition of the Orange County Department of Social Services and adjudicated Dorian E. L. to be the father of the subject child.

Ordered that on the Court's own motion, the notice of appeal from the order of filiation is deemed an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,

Ordered that the order of filiation is reversed, on the law and the facts, without costs and disbursements, the appellant's application for a genetic marker test is granted, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

In November 2015, the Orange County Department of Social Services filed a paternity petition against the appellant on

behalf of the mother of the subject child, alleging him to be the father of the child, who was born in 2007. The appellant requested a genetic marker test, commonly known as a DNA test. After a hearing, the Family Court determined that the appellant was estopped from contesting paternity, in effect, denied his application for a DNA test, and entered an order of filiation adjudicating the appellant to be the father of the child.

Contrary to the Family Court's determination, the appellant should not have been estopped from contesting his paternity of the child. Considering the lack of a relationship between the appellant and the child, there was no evidence that "the child would suffer irreparable loss of status, destruction of her family image, or other harm to her physical or emotional well-being" if the DNA test were administered and it was ultimately shown that the appellant was not the biological father of the child (*Matter of Derrick H. v Martha J.*, 82 AD3d 1236, 1239 [2011] [internal quotation marks omitted]; *see Matter of Rayisha S.R. v Donnie S.*, 123 AD3d 833, 833-834 [2014]; *Matter of Sidney W. v Chanta J.*, 112 AD3d 950 [2013]).

Accordingly, we cannot conclude that a genetic marker test of the appellant's and the child's DNA would be contrary to the best interests of the child. Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.