Matter of Tanika H. v Travaris E. M. (2018 NY Slip Op 05307)





Matter of Tanika H. v Travaris E. M.


2018 NY Slip Op 05307


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-04977
 (Docket Nos. F-21681-14, P-4292-16)

[*1]In the Matter of Tanika H. (Anonymous), respondent,
v
Travaris E. M. (Anonymous), Sr., appellant. (Proceeding No. 1) In the Matter of Travaris E. M. (Anonymous), Sr., appellant, Tanika H. (Anonymous), respondent. (Proceeding No. 2)


George M. Gilmer, Brooklyn, NY, for appellant.
Tanika H. (Anonymous), Brooklyn, NY, respondent pro se.
Karen P. Simmons, Brooklyn, NY (Lee D. Tarr and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 4 and 5, the father appeals from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated March 10, 2017. The order, after a hearing, denied the father's petition to vacate an acknowledgment of paternity as to the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
On October 22, 2000, two days after the birth of the subject child, the father, who was not married to the mother, signed an acknowledgment of paternity (hereinafter the paternity acknowledgment), even though he had learned from the mother during the pregnancy that she had sexual relations with another person during the relevant probable time period of conception. When the child was approximately eight months old, the father had a paternity test based on his DNA and DNA taken from the child. The report of this test (hereinafter the DNA report) purportedly [*2]eliminated the father from being the child's biological parent. Nonetheless, the father continued to provide financial support to the mother for the child. Fourteen years later, after the couple had been separated, the mother filed a petition for child support against the father. Almost a year and a half later, the father filed a petition seeking to vacate the paternity acknowledgment, and attached a copy of the DNA report. Following a hearing on the father's petition, the Family Court, in an order dated March 10, 2017, denied the father's petition. The father appeals, and we affirm.
A party seeking to challenge an acknowledgment of paternity more than 60 days after its execution must prove that it was signed by reason of fraud, duress, or material mistake of fact (see Family Ct Act § 516-a[b][iv]; Matter of Dennis B. v Edwanai B., 155 AD3d 1027; Matter of Sidney W. v Chanta J., 112 AD3d 950, 952; Matter of Angelo A.R. v Tenisha N.W., 108 AD3d 560). Under the circumstances of this case, the Family Court's determination that the father failed to prove that the paternity acknowledgment was signed by reason of fraud, duress, or material mistake of fact is supported by the record (see Matter of Dennis B. v Edwanai B., 155 AD3d at 1027). Accordingly, we agree with the court's denial of the father's petition.
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court