■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, Respondent, v DIMARCUS C., Appellant. [942 NYS2d 339]—

Order, Family Court, New York County (Mary Bednar, J.), entered on or about December 1, 2010, which denied appellant's motion seeking genetic testing; and order of filiation, same court and Judge, also entered on or about December 1, 2010, declaring appellant to be the father of the subject child, unanimously affirmed, without costs.

The court properly determined that it was in the best interests of the child to estop respondent from denying that he is the child's father (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). The testimony established that respondent has held himself out to be the father to his friends, family and coworkers, permits the child to call him "daddy," brought the child to the funeral of his grandmother, watched the child at his workplace on a regular basis, and provided the mother with money for the child. Moreover, the social worker stated that the 12-year-old child believes that respondent is his father and understands that other men in the mother's life are not his father.

The court was not required to determine the child's biological father when it dismissed the petition brought against another man, whom DNA testing established was not the father. Nor was it required to have the other man joined as a necessary

party to these proceedings since the child was born out of wedlock and a father-son relationship exists between the child and respondent. Concur—Saxe, J.P., Sweeny, Moskowitz, Renwick and Abdus-Salaam, JJ.