Matter of Commissioner of Social Servs. v George N. (2019 NY Slip Op 02793)





Matter of Commissioner of Social Servs. v George N.


2019 NY Slip Op 02793


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Acosta, P.J., Manzanet-Daniels, Tom, Oing, JJ.


8981

[*1]In re Commissioner of Social Services on behalf of Julissa Y. S.-C., Petitioner-Respondent,
v
George N., Respondent-Appellant.


Kleyman & Associates, P.C., New York (Catherine McKinney of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.
Andrew J. Baer, New York, attorney for the child.



Order, Family Court, New York County (Ta-Tanisha D. James, J.), entered on or about August 3, 2017, which, to the extent appealed from, after an estoppel hearing, directed that respondent submit to genetic marker testing, unanimously affirmed, without costs.
In this paternity proceeding under article 5 of the Family Court Act, respondent failed to establish by clear and convincing evidence that the mother's husband acted as the child's father to such an extent that a biological paternity test "is not in the best interests of the child on the basis of . . . equitable
estoppel" (Family Court Act § 532; see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1 [2010]; Matter of Cecil R. v Rachel A., 102 AD3d 545 [1st Dept 2013]). There is no evidence that the husband has played a significant role in raising, nurturing or caring for the child, let alone that he ever had an operative parent-child relationship with him (see Matter of Gutierrez v Gutierrez-Delgado, 33 AD3d 1133, 1135 [3d Dept 2006]). Indeed, at the estoppel hearing, respondent did not even attempt to elicit any testimony from the mother about the child's relationship with her husband. Instead, his entire case was focused on his own relationship with the mother and the fact that he had no relationship with the child.
Respondent failed to demonstrate that the husband, who married the mother after the child was born and was not named on
the child's birth certificate, was a necessary party (see Matter of Commissioner of Social Servs. v Dimarcus C., 94 AD3d 538 [1st Dept 2012]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK